**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
Francis Lee Summers, III, individually and  :
On behalf of all others similarly situated,  :    No. 07-CV-11615 (UA)
 :
Plaintiffs,  :
 :
v.  :
 :
MERRILL LYNCH & CO., INC.; STAN  :
O'NEAL; LOU DIMARIA; INVESTMENT  :
COMMITTEE OF THE MERRILL LYNCH  :
SAVINGS AND INVESTMENT PLAN;  :
ADMINISTRATIVE COMMITTEE OF THE  :
MERRILL LYNCH SAVINGS AND  :
INVESTMENT PLAN; and JOHN DOES 1 - 30,  :
 :
Defendants.  :
 :
------------------------------------------------------------x

*[additional captions follow]*

**PLAINTIFF FRANCIS LEE SUMMERS III'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE**
**AND FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**
**FOR THE CLASS**

**ABBEY SPANIER RODD**
**& ABRAMS, LLP**
Jill S. Abrams
212 East 39th Street
New York, NY 10016
Telephone: (212) 889-3700
Facsimile: (212) 624-5191

**SPECTOR ROSEMAN**
**& KODROFF, P.C.**
Robert M. Roseman
Theodore M. Lieverman.
Andrew D. Abramowitz
David Felderman
1818 Market St., Ste. 2500
Philadelphia, Pa. 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**STEMBER FEINSTEIN**
**DOYLE & PAYNE, LLC**
William T. Payne
Ellen M. Doyle
1007 Mt. Royal Blvd
Pittsburgh, PA 15223
Telephone: (412) 338-1445
Facsimile: (412) 492-8978

*Counsel for Plaintiff Francis Lee Summers, III*
*and Proposed Interim Co-Lead Counsel for the Class*

```
-----------------------------------------------------x
ELIZABETH ESTEY, individually and on  :
behalf of all others similarly situated,        :
                                                :
                   Plaintiffs,                  :          Case No. 07-CV-10268 (LBS)
            v.                                  :
                                                :
                                                :
MERRILL LYNCH & CO., INC.,                      :
E. STANLEY O'NEAL, CAROL T.                     :
CHRIST, ARMANDO M. CODINA,                      :
VIRGIS W. COLBERT, JILL K.                      :
CONWAY, ALBERTO CRIBIORE,                       :
JOHN D. FINNEGAN, JUDITH                        :
MAYHEW JONAS, DAVID K.                          :
NEWBIGGING, AULANA L. PETERS,                   :
JOSEPH W. PRUEHER, ANN N. REESE,                :
CHARLES O. ROSSOTTI, LOUIS                      :
DIMARIA, PETER STINGI and JOHN                  :
AND JANE DOES 1-20,                             :
                                                :
                   Defendants.                  :
-----------------------------------------------------x
-----------------------------------------------------x
MARY GIDARO, individually and on    :
behalf of all others similarly situated,        :
                                                :
                   Plaintiffs,                  :          Case No. 07-CV-10273 (LBS)
                                                :
                                                :
            v.                                  :
                                                :
                                                :
MERRILL LYNCH & CO., INC.,                      :
E. STANLEY O'NEAL, CAROL T.                     :
CHRIST, ARMANDO M. CODINA,                      :
VIRGIS W. COLBERT, JILL K.                      :
CONWAY, ALBERTO CRIBIORE,                       :
JOHN D. FINNEGAN, JUDITH                        :
MAYHEW JONAS, DAVID K.                          :
NEWBIGGING, AULANA L. PETERS,                   :
JOSEPH W. PRUEHER, ANN N. REESE,                :
CHARLES O. ROSSOTTI, LOUIS                      :
DIMARIA, PETER STINGI and JOHN                  :
AND JANE DOES 1-20,                             :
                                                :
                   Defendants.                  :
-----------------------------------------------------x
```

```
-------------------------------------------------------x
TARA MOORE, individually and on            :
behalf of all others similarly situated,   :
                                           :
              Plaintiffs,                  :      Case No. 07-CV-10398 (DC)
                                           :
        v.                                 :
                                           :
MERRILL LYNCH & CO., INC.,                 :
E. STANLEY O'NEAL, CAROL T                 :
CHRIST, ARMANDO M. CODINA,                 :
VIRGIS W. COLBERT, JILL K.                 :
CONWAY, ALBERTO CRIBIORE,                  :
JOHN D. FINNEGAN, JUDITH                   :
MAYHEW JONAS, DAVID K.                     :
NEWBIGGING, AULANA L. PETERS,              :
JOSEPH W. PRUEHER, ANN N. REESE,           :
CHARLES O. ROSSOTTI, LOUIS                 :
DIMARIA, PETER STINGI and JOHN             :
AND JANE DOES 1-20,                        :
                                           :
              Defendants.                  :
-------------------------------------------------------x
-------------------------------------------------------x
GREGORY YASHGUR, individually and   :
on behalf of all others similarly situated, :
                                            :
              Plaintiffs,                   :     Case No. 07-CV-10569 (JSR)
                                            :
        v.                                  :
                                            :
MERRILL LYNCH & CO., INC.,                  :
E. STANLEY O'NEAL, CAROL T.                 :
CHRIST, ARMANDO M. CODINA,                  :
VIRGIS W. COLBERT, JILL K.                  :
CONWAY, ALBERTO CRIBIORE,                   :
JOHN D. FINNEGAN, JUDITH                    :
MAYHEW JONAS, DAVID K.                      :
NEWBIGGING, AULANA L. PETERS,               :
JOSEPH W. PRUEHER, ANN N. REESE,            :
CHARLES O. ROSSOTTI, LOUIS                  :
DIMARIA, PETER STINGI and JOHN              :
AND JANE DOES 1-20,                         :
                                            :
              Defendants.                   :
-------------------------------------------------------x
```

```
-----------------------------------------------------x
```
CHRISTINE DONLON, individually and   :
on behalf of all others similarly situated,   :
  :
                  Plaintiffs,   :    **Case No. 07-CV-10661(CM)**
  :
            v.   :
  :
MERRILL LYNCH & CO., INC.,   :
E. STANLEY O'NEAL, CAROL T.   :
CHRIST, ARMANDO M. CODINA,   :
VIRGIS W. COLBERT, JILL K.   :
CONWAY, ALBERTO CRIBIORE,   :
JOHN D. FINNEGAN, JUDITH   :
MAYHEW JONAS, DAVID K.   :
NEWBIGGING, AULANA L. PETERS,   :
JOSEPH W. PRUEHER, ANN N. REESE,   :
CHARLES O. ROSSOTTI, LOUIS   :
DIMARIA, PETER STINGI and JOHN   :
AND JANE DOES 1-20,   :
  :
                Defendants.   :
```
-----------------------------------------------------x
-----------------------------------------------------x
```
CARL ESPOSITO, individually and   :
On behalf of all others similarly situated,   :
  :
                  Plaintiffs,   :    **Case No. 07-CV-10687 (JGK)**
            v.   :
  :
MERRILL LYNCH & CO., INC.,   :
E. STANLEY O'NEAL, CAROL T.   :
CHRIST, ARMANDO M. CODINA,   :
VIRGIS W. COLBERT, JILL K.   :
CONWAY, ALBERTO CRIBIORE,   :
JOHN D. FINNEGAN, JUDITH   :
MAYHEW JONAS, DAVID K.   :
NEWBIGGING, AULANA L. PETERS,   :
JOSEPH W. PRUEHER, ANN N. REESE,   :
CHARLES O. ROSSOTTI, LOUIS   :
DIMARIA, PETER STINGI and JOHN   :
AND JANE DOES 1-20,   :
  :
                Defendants.   :
```
-----------------------------------------------------x
```

```
---------------------------------------------------x
SEAN SHAUGHNESSEY, individually and :
on behalf of all others similarly situated,     :
                                                :
                Plaintiffs,                     :        Case No. 07-CV-10710 (GEL)
                                                :
        v.                                      :
                                                :
MERRILL LYNCH & CO., INC.,                      :
E. STANLEY O'NEAL, CAROL T.                     :
CHRIST, ARMANDO M. CODINA,                      :
VIRGIS W. COLBERT, JILL K.                      :
CONWAY, ALBERTO CRIBIORE,                       :
JOHN D. FINNEGAN, JUDITH                        :
MAYHEW JONAS, DAVID K.                          :
NEWBIGGING, AULANA L. PETERS,                   :
JOSEPH W. PRUEHER, ANN N. REESE,                :
CHARLES O. ROSSOTTI, LOUIS                      :
DIMARIA, PETER STINGI and JOHN                  :
AND JANE DOES 1-20,                             :
                                                :
                Defendants.                     :
---------------------------------------------------x
---------------------------------------------------x
BARBARA BOLAND, individually and                :
On behalf of all others similarly situated,     :
                                                :
                Plaintiffs,                     :        Case No. 07-CV-11054 (MGC)
                                                :
        v.                                      :
                                                :
MERRILL LYNCH & CO., INC.,                      :
E. STANLEY O'NEAL, CAROL T.                     :
CHRIST, ARMANDO M. CODINA,                      :
VIRGIS W. COLBERT, JILL K.                      :
CONWAY, ALBERTO CRIBIORE,                       :
JOHN D. FINNEGAN, JUDITH                        :
MAYHEW JONAS, DAVID K.                          :
NEWBIGGING, AULANA L. PETERS,                   :
JOSEPH W. PRUEHER, ANN N. REESE,                :
CHARLES O. ROSSOTTI, LOUIS                      :
DIMARIA, PETER STINGI and JOHN                  :
AND JANE DOES 1-20,                             :
                                                :
                Defendants.                     :
---------------------------------------------------x
```

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ....................................................................................................... 1

STATEMENT OF THE CASE....................................................................................... 2

ARGUMENT.............................................................................................................. 3

    I.      THE CASES SHOULD BE CONSOLIDATED. ......................................... 3

          A.  The ERISA Cases Meet the Requirements for Consolidation.............. 3

          B.  The Proposed Order Establishes Orderly and Efficient Procedures
              for the Management of these Cases ....................................................... 5

    II.     ESTABLISHMENT OF A LEADERSHIP STRUCTURE........................... 5

          1.  Proposed Interim Co-Lead Counsel...................................................... 6

          2.  Plaintiff's Counsel Meet the Experience and Knowledge
              Requirements of Rule 23(g)................................................................... 8

              (a)    Spector Roseman & Kodroff, P.C................................................. 8

              (b)    Stember Feinstein Doyle & Payne, LLP ..................................... 10

              (c)    Abbey Spanier Rodd & Abrams, LLP ........................................ 13

          3.  Counsel for Plaintiffs have the Resources Necessary to Represent
              the Class ............................................................................................... 13

          B.  Plaintiff's Counsel Is Clearly the Most Qualified Counsel to Serve as
              Interim Counsel................................................................................... 14

CONCLUSION.......................................................................................................... 16

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*ACF Industries v. Chapman*, 2004 U.S. Dist. LEXIS 27245 (E.D. Mo. 2004) ..................................................................................................................11, 21

*America*, 32 E.B.C. 1950, 2004 U.S. Dist. LEXIS 760 (W.D. Pa. 2004)...........................21

*Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir. 1991) ....................................11, 20

*Asarco v. United Steelworkers of America*, 2005 U.S. Dist. LEXIS 20873 (D. Ariz. 2005)..................................................................................................................11, 21

*Bower v. Bunker Hill Co.*, 725 F.2d 1221 (9th Cir. 1984), *on remand*, 114 F.R.D. 587, 675 F. Supp. 1254 (E.D. Wash. 1986) ................................................11, 21

*Crown Cork & Seal v. United Steelworkers of America*, 32 E.B.C. 1950, 2004 U.S. Dist. LEXIS 760 (W.D. Pa. 2004) ................................................................11

*E.I. duPont deNemours & Co.*, 311 N.L.R.B. No. 88 (1993) ......................................10, 20

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir.1964), *cert. denied*, 382 U.S. 812 (1965) .............................................................4, 19

*In re Terazosin Hydrochloride*, 220 F.R.D. 672 (S.D. Fla. 2004)...................................8, 19

*International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)..............................................................................................................11, 20

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990)...........................................................................................................4, 19

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007).........................................................3, 19

*Keffer v. H. K. Porter Co.*, 872 F.2d 60 (4th Cir. 1989), *affirming*, 110 CCH Lab. Cases ¶10,878 (S.D. W.Va., April 19, 1988) ........................................11, 21

*Local 56 UFCW v. Campbell Soup Co.*, 954 F. Supp. 1000 (D. N.J. 1997)................10, 20

*Mamula v. Satralloy*, 578 F. Supp. 563 (S.D. Ohio 1983)...........................................11, 20

*Mioni v. Bessemer Cement Co.,* 4 E.B.C. 2390 (W.D. Pa. 1983)..................................11, 21

*Policy v. Powell Pressed Steel Co.*, 770 F.2d 609 (6th Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986) ...............................................................................11, 20

*Rexam, Inc. v. United Steelworkers of America*, 31 E.B.C. 2562 (D. Minn. 2003) .......................................................................................................................11

*Senn v. United Dominion*, 951 F.2d 806 (7th Cir. 1992) ...............................................11, 21

*Shultz v. Teledyne*, 657 F. Supp. 289 (W.D. Pa. 1987) ...................................................11, 21

*Smith v. ABS Industries*, 890 F.2d 841 (6th Cir. 1989) ...................................................11, 20

*Steelworkers v. Connors Steel Co.*, 855 F.2d 1499 (11th Cir. 1988) ..................................11

*Steelworkers v. Textron, Inc.*, 836 F.2d 6 (1st Cir. 1987) ...............................................11, 21

## STATE CASES

*In re WorldCom, Inc. Sec. Litigation*, No. 02 Civ. 3288, 2002 WL. 31095170 (S.D.N.Y. Sept. 18, 2002) ..............................................................................4

*Pringle v. Continental Tire North America*, 2007 WL. 2236880 (N.D. Ohio. July 31, 2007) ..........................................................................................11

## DOCKETED CASES

*Barnes v. Bell Helicopter Textron, Inc.*, No. CA-92-CV-0694-D (N.D. Tex.) ....................................................................................................................12

*In re Blue Cross of Western Pennsylvania Litigation*, No. 93-1591 (W.D. Pa.) .....................................................................................................................12

*Blyler v. Agee*, C.A. No. 97-0332 (D. Idaho) .............................................................12, 21

*Boland v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-11054 (MGC) .........................1

*DiCioccio v. Duquesne Light Co.*, C.A. No. 93-0442 (W.D. Pa.) ......................................12

*District 37 Health and Securities Fund v. Medi-Span*, C.A. No. 07-10988 (D. Mass. 2007) ...................................................................................................9

*Donlon v. Merrill Lynch & Co, Inc. et al.*, Case No. 07-cv-10661 (CM) ............................1

*Esposito v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10687 (JGK) .........................1

*Estey v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10268 (LBS)............................1

*Fischel v. The Equitable Life Assurance Society of the United States*, C.A.
      No. 96-04202 (N.D. Cal.) ..........................................................................................12

*Gidaro v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10273 (LBS)........................1

*In re CMS Energy ERISA Litig.*, C.A. No. 02-72834 (E.D. Mich.), *In re
      Computer Associates ERISA Litig.*, No. 02............................................................12, 22

*In re DDAVP Antitrust Litigation*, No. 05 Civ. 2237 (S.D.N.Y.)................................9, 20

*In re Express Scripts, Inc., PBM Litigation*, Master Case No. 05-md-
      01672-SNL (E.D. Mo.) .................................................................................................9

*In re Gulf Pension Litigation*, C.A. No. H-86-4365 (S.D. Tex.) .......................................12

*In re McKesson HBOC, Inc. ERISA Litigation*, C.A. No. C00-20030 (N.D.
      Cal.)......................................................................................................................12, 22

*In re Medco Health Solutions, Inc. Pharmacy Benefits Management
      Litigation*, MDL No. 1508 (S.D.N.Y.) and *In re Reliant ERISA Energy
      Litigation*, Master File No. CV-H-02-2051(S.D.Texas)..............................................13

*In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK)...................................8, 20

*In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL
      No. 1456 (D. Mass.).......................................................................................................9

*In re Provigil Antitrust Litigation*, C.A. No. 06-1797 (E.D. Pa.) .................................9, 20

*In Re RCN Corporation ERISA Litigation*, Master File No.04-CV-5068
      (D. N.J.)........................................................................................................................22

*In re Relafen Antitrust Litigation*, C.A. No. 01-12239 (D. Mass.) ....................................9

*In re TriCor Antitrust Litigation*, C.A. No. 05-360 (D. Del.).......................................9, 20

*In re WorldCom, Inc. Sec. Litigation*, No. 02 Civ ......................................................19, 22

*Kennedy v. United Healthcare of Ohio, Inc.*, C.A. No. C2-98-128 (S.D.
      Ohio) ............................................................................................................................13

*Kling v. Fidelity Management Trust Co.*, C.A. No. 01-11939 (D. Mass.)...................12, 22

*Koch v. Dwyer*, No. 98-Civ.-5519 (S.D.N.Y) .............................................................12, 22

*Moore v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-I0398 (DC) .............................1

*New England Carpenters Health Benefits Fund v. First Databank, Inc.*,
    C.A. No. 05-11148 (D. Mass.).......................................................................................9

*Pennsylvania Federation, Brotherhood of Maintenance of Way Employees
    v. Norfolk Southern Corp.*, C.A. No. 02-9049 (E.D. Pa.) ..............................................8

*Presley v. Carter Hawley Hale Profit Sharing Plan*, C.A. No. 97-04316
    (N.D. Cal.)....................................................................................................................12

*Shaughnessey v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10710
    (GEL) ..............................................................................................................................1

*Sherrill v. Federal Mogul Corp. Retirement Programs Committee*, C.A.
    No. 04-72949 (E.D. Mich.)...........................................................................................12

*Steelworkers v. Connors Steel Co.*, 855 F.2d..............................................................21

*United States v. International Brotherhood of Teamsters*, No. 88 Civ.
    4486 (S.D.N.Y.).............................................................................................................10

*Yashgur v. Merrill Lynch & Co. Inc. et al.*, Case No. 07-cv-10569 (JSR)..........................1

## FEDERAL STATUTES

ERISA, 29 U.S.C. § 1002 (3) ...........................................................................................9

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et
    seq.*, ("ERISA").................................................................................................................1

Fed. R. Civ. P. 23(g)(1)(C)(i) ...............................................................................5, 6, 7, 15

Fed. R. Civ. P. 42(a) ...................................................................................................3, 4

Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §
    78u-4(a)..........................................................................................................................15

Sections 409 and 502(a)(2) & (3) of ERISA, 29 U.S.C. § 1109 &
    1132(a)(2) & ( ..................................................................................................................3

## MISCELLANEOUS

Lawsuits Challenging Termination or Modification of Retiree Welfare
    Benefits," 10 *The Labor Lawyer* 91 (1994) .................................................................11

4th ed. 2006 ........................................................................................................................3

*Pringle v. Continental Tire North America*, 2007 ............................................................21

Protecting Rights to Early Retirement Benefits," 2 *Employee Rights*
    *Quarterly* 58 (2001) ........................................................................................................11

Retiree Health Benefits: Sixth Circuit Deals the Retirees Out," 14 *The*
    *Labor Lawyer* 475 (1999) ............................................................................................11

*Teamsters*, No. 88 ..............................................................................................................20

Plaintiff Francis Lee Summers, III ("Plaintiff" or "Summers") respectfully submits this Memorandum of Law in support of Plaintiffs' Motion to Consolidate Related Actions and for Appointment of Interim Lead Counsel.

## INTRODUCTION

Plaintiff filed this action against the fiduciaries of the Merrill Lynch 401(k) Savings and Investment Plan (the "SIP"), the Merrill Lynch Retirement Accumulation Plan (the "RAP"), and the Merrill Lynch Employee Stock Ownership Plan (the "Traditional ESOP") (collectively, the "Plan"). Collectively, these are retirement plans established and sponsored by Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company") to provide retirement benefits for its employees. Eight other actions are currently pending in this District, each seeking relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, ("ERISA") (collectively referred to as the "ERISA Actions").[1]

Because the ERISA Actions are based on substantially the same facts and assert substantially the same causes of action against overlapping defendants, Plaintiff seeks the entry of an Order consolidating them. In addition, Plaintiff respectfully requests that Spector Roseman & Kodroff, P.C. ("SRK") and Stember Feinstein Doyle & Payne, LLC ("Stember Feinstein") be appointed Interim Co-Lead Counsel, that Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") be appointed Interim Liaison Counsel, and that the Court enter Plaintiff's proposed Order, submitted herewith.

---

[1]    The eight other actions are: *Estey v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10268 (LBS); *Gidaro v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10273 (LBS); *Moore v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-I0398 (DC); *Yashgur v. Merrill Lynch & Co. Inc. et al.*, Case No. 07-cv-10569 (JSR); *Donlon v. Merrill Lynch & Co, Inc. et al.*, Case No. 07-cv-10661 (CM); *Esposito v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10687 (JGK); *Shaughnessey v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-10710 (GEL); and *Boland v. Merrill Lynch & Co., Inc. et al.*, Case No. 07-cv-11054 (MGC).

1

## STATEMENT OF THE CASE

Plaintiffs in each of the nine ERISA actions allege that Defendants breached their fiduciary duties of prudence and loyalty under ERISA by making and maintaining enormous investments in Merrill Lynch stock in the Plan, despite the fact that Defendants knew or should have known that such investments were unduly risky and imprudent due to the Company's serious mismanagement and perilous and improper business practices. These business practices included, among other things: (a) rapidly expanding into a high-risk finance sector without establishing the requisite business skill set to manage and understand the corresponding risks; (b) persisting in its aggressive growth of the Collateralized Debt Obligations ("CDO") business, despite clear indicators, including its own projections, weighing against continued growth; and (c) inflating the value of the Company's asset-backed portfolio by calculating their worth without regard to actual market conditions, all of which caused Merrill Lynch's financial statements to be misleading and which artificially inflated the value of shares of Merrill Lynch stock and the Merrill Lynch Stock Fund in the Plans ("Fund"). Compl. ¶¶ 54-79.[2] These actions exposed the Plan and their participants to excessive risk, and created dire financial circumstances which rendered the stock an imprudent investment for the Plan. Compl. ¶¶ 80-89.

As a direct and proximate result of Defendants' breaches of fiduciary duties, the Plan, Plaintiff, and the Plan's participants lost a significant portion of their retirement investment. Compl. ¶ 108, 121, 132, 140. Accordingly, Plaintiff seeks relief pursuant to Sections 409 and 502(a)(2) & (3) of ERISA, 29 U.S.C. § 1109 & 1132(a)(2) & (3), on

---

[2]     "Compl. ¶" refers to paragraphs from the Summers Complaint.

behalf of the Plan or the plan participants for losses sustained as a result of the Defendants' breaches of fiduciary duty.

## ARGUMENT

Given the substantial similarity of the parties and claims in the above-captioned ERISA actions, Plaintiff submits for the Court's approval a proposed Order (attached as Exhibit 1) which: (1) provides for the consolidation of these related actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) proposes an organization of plaintiffs' counsel; and (4) otherwise eliminates wasteful and duplicative litigation. Plaintiff respectfully submits that because the proposed order will promote the orderly and efficient conduct of this action and because it is consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2006) (the "MCL 4th"), it should be entered.

## I.    THE CASES SHOULD BE CONSOLIDATED.

Consolidation of these related actions is appropriate pursuant to Fed. R. Civ. P. 42(a), which governs the consolidation of actions in federal court. This Rule provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Broad discretion is given to the Court under this rule to consolidate cases pending within the District. *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

### A.    The ERISA Cases Meet the Requirements for Consolidation.

The above-captioned actions assert claims under ERISA against substantially the same defendants and involve common questions of law or fact. Specifically, each alleges that fiduciaries of the Plan breached their duties to participants and beneficiaries in

connection with the Plan's investments in Merrill Lynch common stock and the Company's serious mismanagement and improper business practices. When actions involving common questions of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990) (courts favor consolidation in order to avoid unnecessary costs and delays). In so doing, a district court has broad discretion in determining whether consolidation is appropriate by weighing the interests of judicial economy against the potential for unnecessary delays, expense, confusion, or prejudice. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir.1964), *cert. denied*, 382 U.S. 812 (1965); *Johnson*, 899 F.2d at 1285.

Ultimately, when multiple actions involve allegations that a company breached its fiduciary duties under ERISA, consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a). *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2002 WL 31095170 (S.D.N.Y. Sept. 18, 2002) (consolidating all WorldCom ERISA cases); *see also,* MCL 4th § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).  Consolidating the instant ERISA actions would clearly avoid the unnecessary waste of judicial resources and additional cost and delay to the parties. Because consolidation would benefit all parties involved, these actions should be consolidated.

**B.    The Proposed Order Establishes Orderly and Efficient Procedures for the Management of these Cases.**

Plaintiff further requests that any other class actions filed in or transferred to this District asserting claims under ERISA in connection with the above-stated allegations be similarly consolidated herewith and be subject to the Court's order, as set forth in the proposed Order.    In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See* MCL 4th § 11.21.

**II.    ESTABLISHMENT OF A LEADERSHIP STRUCTURE.**

Rule 23(g) directs a court to appoint class counsel, taking into consideration a variety of factors, including the work counsel has done in identifying or investigating potential claims; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of applicable law; and the resources counsel will commit to the case.  Fed. R. Civ. P. 23(g)(1)(C)(i).  The court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.  Rule 23(g)(1)(C)(ii).

Prior to certifying a class, the court may designate interim counsel to act on behalf of the putative class. Rule 23(g)(C)(2)(A).  Where there is more than one movant, the court must appoint the movant best able to represent the interests of the class.  Fed. R. Civ. P. 23(g)(C)(2)(B).  Thus, the proposed order implements the procedures consistent

with the Federal Rules of Civil Procedure and suggested by MCL 4th for complex, multi-party cases such as this by designating Interim Co-Lead Counsel for plaintiffs. *See* MCL 4th § 10.22. Plaintiff respectfully submits that such designation will promote the orderly progress of this litigation, and ensure that plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

### 1.    Proposed Interim Co-Lead Counsel.

Plaintiff proposes that SRK and Stember Feinstein be appointed Interim Co-Lead Counsel, pursuant to Fed. R. Civ. P. 23(g)(2), to act on behalf of the putative class, and that Abbey Spanier be appointed Liaison Counsel for the ERISA class plaintiffs.  Thus, SRK, Stember Feinstein, and Abbey Spanier would be charged with the responsibility for the day-to-day conduct of the litigation, including:

> formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation . . . .in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

MCL 4th § 10.221. They would also be charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication.

In determining lead counsel, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." MCL 4th at § 10.22.  Indeed, the

6

most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

In appointing class counsel, the court must consider the following four factors:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i). Each of the factors supports the appointment of SRK and Stember Feinstein as Interim Co-Lead Counsel, and Abbey Spanier as Interim Liaison Counsel, in this case.

### 1.    Counsel for Plaintiff Has Demonstrated a Commitment to Identifying and Investigating Potential Claims.

With respect to the first factor, counsel for Plaintiff has already undertaken numerous steps in prosecuting this action. As an initial matter, prior to filing their complaint, counsel spoke with plan participants in order to identify and investigate the claims in this case. Counsel for Plaintiff also reviewed SEC filings, company statements, and various news articles relevant to the issues presented herein. Moreover, counsel has actively monitored the recent claims that have been asserted against Merrill Lynch; not only the ERISA actions but also the securities fraud actions, and has monitored activity by governmental and regulatory bodies. Moreover, since the filing of the Complaint, Plaintiff's counsel has been continuously monitoring various news media and conducting additional research as it pertains to the allegations in the Complaint.

SRK, Stember Feinstein, and Abbey Spanier fully understand the substantial investment of time and resources necessary to properly pursue and lead this case, and are committed to making the necessary investment in this case.

### 2.    Plaintiff's Counsel Meet the Experience and Knowledge Requirements of Rule 23(g).

The second and third Rule 23(g) factors – the most persuasive factors – also demonstrate that SRK and Stember Feinstein are best qualified to serve as Interim Co-Lead Counsel in this ERISA class action. *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

### (a)    Spector Roseman & Kodroff, P.C.

As demonstrated in its Firm Biography (attached to the Declaration of Jill S. Abrams (hereinafter "Abrams Decl.") as Exhibit A), SRK has substantial experience in successfully pursuing class actions for fraudulent and improper corporate conduct in courts throughout the country, including this Court.[3] As shown by the Firm biography, courts have complimented the firm and its lawyers for their conduct of such cases.

SRK also has substantial experience in litigating labor and employment issues. SRK was lead counsel for plaintiffs in *Pennsylvania Federation, Brotherhood of Maintenance of Way Employees v. Norfolk Southern Corp.*, C.A. No. 02-9049 (E.D. Pa.), in which plaintiffs challenged the policy of investing all employer contributions to the 401(k) Plan in company stock. In that case, in which the plaintiffs asserted violations of the defendants' various fiduciary duties under ERISA, the court approved a settlement

---

[3]    *See, e.g, In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK) (S.D.N.Y.); *In re SCOR Holding (Switzerland) AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.).

providing for reforms in the plan documents to allow for complete employee choice of investments, new guidance to plan participants to diversify their retirement investments, and damages of $1 million.

SRK frequently represents employee benefit plans (as defined by ERISA, 29 U.S.C. § 1002 (3)) in class action litigation and is familiar with how such plans operate, as well as the duties owed to plan participants by plan fiduciaries and others. For example, in one current case, *In re Express Scripts, Inc., PBM Litig.*, Master Case No. 05-md-01672-SNL (E.D. Mo.), SRK represents the Health and Welfare Fund and the Retiree Health and Welfare Fund of the Patrolmen's Benevolent Association of the City of New York in an action claiming breach of fiduciary duty against their former pharmaceutical benefit manager.

SRK has also represented employee benefit funds in a number of high-profile, complex pharmaceutical marketing cases. *See In re Relafen Antitrust Litig.*, C.A. No. 01-12239 (D. Mass.) ($75 million settlement for indirect purchasers, and counsel devised innovative new program to insure that settlement moneys went into the hands of over 200,000 consumers); *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (over $90 in partial settlements to date, and plaintiffs prevailed at trial, 491 F. Supp. 2d 20); *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, C.A. No. 05-11148 (D. Mass.); and *District 37 Health and Securities Fund v. Medi-Span*, C.A. No. 07-10988 (D. Mass. 2007) (major change in pricing for prescription drugs); *In re TriCor Antitrust Litig.*, C.A. No. 05-360 (D. Del.); *In re DDAVP Antitrust Litig.*, No. 05 Civ. 2237 (S.D.N.Y.); *In re Provigil Antitrust Litig.*, C.A. No. 06-1797 (E.D. Pa.).

In addition, SRK partner Theodore M. Lieverman has spent over 25 years handling labor and employment related cases, including claims under ERISA, the Labor Management Relations Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), federal civil rights statutes, constitutional law, the Labor-Management Reporting and Disclosure Act (LMRDA), and the Worker Adjustment Retraining and Notification Act. He has tried numerous cases to judges, juries, and administrative judges. Mr. Lieverman served as co-counsel for a nationwide class of retirees who sued Campbell Soup for lost medical benefits. *Local 56 UFCW v. Campbell Soup Co.*, 954 F. Supp. 1000, 1003 (D. N.J. 1997) (court called the settlement "one of the most innovative and forward-looking resolutions that this court has approved in the twenty-two years of its tenure."). He also litigated one of the leading case on the use of labor-management cooperation programs in unionized workplaces. *E.I. duPont deNemours & Co.*, 311 NLRB No. 88 (1993). During 1995-1997, Mr. Lieverman appeared in this Court on numerous occasions as general counsel to the Court-appointed Election Officer who conducted the 1996 officer elections for the 1.4 million members of the International Brotherhood of Teamsters. *United States v. International Brotherhood of Teamsters*, No. 88 Civ. 4486 (S.D.N.Y.) (numerous reported cases).

### (b)    Stember Feinstein Doyle & Payne, LLP

Similarly, Stember Feinstein has unrivaled experience with ERISA litigation. William T. Payne, a partner at Stember Feinstein, has served as plaintiffs' counsel in more than *eighty* ERISA class actions, and has more experience than virtually any other attorney in the nation in representing retirees in retiree health benefit class actions, having

10

litigated approximately fifty such cases during his career.[4]    *See* Abrams Decl., Ex. B

(Professional Biography of William T. Payne).

A nationally recognized leading authority on ERISA litigation, Mr. Payne has

authored several articles on retirement benefit litigation[5] and frequently lectures on the

subject of retiree health benefit litigation at CLE conferences.  The Sixth Circuit, after

reviewing Mr. Payne's credentials, observed:

> In view of Payne's background, both classes would have been hard pressed to find someone with greater "experience in handling class actions ... and claims of the type asserted in this action" or an attorney with more "knowledge of applicable law."

*International Union, United Auto., Aerospace, and Agricultural Implement Workers of*

*America v. General Motors Corp.*, 497 F.3d 615, 622 (6th Cir. 2007).

Additionally, Stember Feinstein partner Ellen M. Doyle has extensive experience

in representing classes of plan participants who allege breaches of fiduciary duties under

ERISA with respect to 401k plans, ESOP plans, and other defined contribution plans. *See*

Abrams Decl., Ex. C (Firm Biography for Stember Feinstein).  In 1997, Ms. Doyle

---

[4]    Among some of the reported retiree health benefit cases in which Mr. Payne served as counsel are: *Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir. 1991); *Policy v. Powell Pressed Steel Co.*, 770 F.2d 609 (6th Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986); *Smith v. ABS Industries*, 890 F.2d 841 (6th Cir. 1989); *Mamula v. Satralloy*, 578 F. Supp. 563 (S.D. Ohio 1983); *Pringle v. Continental Tire North America*, 2007 WL 2236880 (N.D. Ohio. July 31, 2007); *Keffer v. H. K. Porter Co.*, 872 F.2d 60 (4th Cir. 1989), *affirming*, 110 CCH Lab. Cases ¶10,878 (S.D. W.Va., April 19, 1988); *Steelworkers v. Connors Steel Co.,*, 855 F.2d 1499 (11th Cir. 1988); *Steelworkers v. Textron, Inc.*, 836 F.2d 6 (1st Cir. 1987); *Bower v. Bunker Hill Co.*, 725 F.2d 1221 (9th Cir. 1984), *on remand*, 114 F.R.D. 587, 675 F. Supp. 1254 (E.D. Wash. 1986); *Senn v. United Dominion*, 951 F.2d 806 (7th Cir. 1992), *petition for rehearing denied*, 962 F.2d 655 (1992), *cert. denied*, 509 U.S. 903 (1993); *Asarco v. United Steelworkers of America*, 2005 U.S. Dist. LEXIS 20873 (D. Ariz. 2005); *Crown Cork & Seal v. United Steelworkers of America*, 32 E.B.C. 1950, 2004 U.S. Dist. LEXIS 760  (W.D. Pa. 2004); *Shultz v. Teledyne*, 657 F. Supp. 289 (W.D. Pa. 1987); *Mioni v. Bessemer Cement Co.*, 4 E.B.C. 2390 (W.D. Pa. 1983), *later decision*, 120 LRRM 2818 (W.D.Pa. 1984), and 6 E.B.C. 2677, 123 LRRM 2492 (W.D.Pa. 1985), later *decision*, 700 F. Supp. 267 (W.D.Pa. 1988); *Rexam, Inc. v. United Steelworkers of America*, 31 E.B.C. 2562 (D. Minn. 2003), later proceedings, 2005 WL 2318957 (D. Minn. 2005); *Shultz v. Teledyne*, 657 F. Supp. 289 (W.D. Pa. 1987); *ACF Industries v. Chapman*, 2004 U.S. Dist. LEXIS 27245 (E.D. Mo. 2004).

[5]    "Lawsuits Challenging Termination or Modification of Retiree Welfare Benefits," 10 *The Labor Lawyer* 91 (1994); "Retiree Health Benefits: Sixth Circuit Deals the Retirees Out," 14 *The Labor Lawyer* 475 (1999) (with Steven J. Sacher); and "Protecting Rights to Early Retirement Benefits," 2 *Employee Rights Quarterly* 58 (2001).

initiated *Blyler v. Agee*, C.A. No. 97-0332 (D. Idaho), in which she served as co-lead counsel in one of the very first actions challenging the prudence of investment in the company stock fund by a 401(k) plan's fiduciaries. That same year, she began litigation in which she served as co-lead counsel in *Presley v. Carter Hawley Hale Profit Sharing Plan*, C.A. No. 97-04316 (N.D. Cal.), which involved an ESOP plan which held company stock into the company's bankruptcy.

Ms. Doyle has been appointed to serve as co-lead counsel in ERISA class actions challenging the prudence of investment in company stock, including *Sherrill v. Federal Mogul Corp. Retirement Programs Committee*, C.A. No. 04-72949 (E.D. Mich.), *In Re RCN Corporation ERISA Litigation*, Master File No.04-CV-5068 (D. N.J.), *In re CMS Energy ERISA Litig.*, C.A. No. 02-72834 (E.D. Mich.), *In re Computer Associates ERISA Litig.*, No. 02 Civ. 6281 (S.D.N.Y.); *Kling v. Fidelity Management Trust Co.*, C.A. No. 01-11939 (D. Mass.); *In re McKesson HBOC, Inc. ERISA Litig.*, C.A. No. C00-20030 (N.D. Cal.); *Koch v. Dwyer*, No. 98-Civ.-5519 (S.D.N.Y). *Koch* was one of the first company stock cases litigated in this District. Ms. Doyle had years of experience in litigating ERISA class actions before 1997 when she started filing company stock cases. She has also represented classes plan participants in defined benefit pension plans, including in cases such as *DiCioccio v. Duquesne Light Co.*, C.A. No. 93-0442 (W.D. Pa.); *Barnes v. Bell Helicopter Textron, Inc.*, No. CA-92-CV-0694-D (N.D. Tex.); *In re Gulf Pension Litig.*, C.A. No. H-86-4365 (S.D. Tex.).

Ms. Doyle has also served as class counsel for medical benefit plan participants in ERISA covered plans, including *Fischel v. The Equitable Life Assurance Society of the United States*, C.A. No. 96-04202 (N.D. Cal.); *In re Blue Cross of Western Pennsylvania*

*Litig.*, No. 93-1591 (W.D. Pa.); and *Kennedy v. United Healthcare of Ohio, Inc.*, C.A. No. C2-98-128 (S.D. Ohio). *See*, Abrams Decl., Ex. C. Ms. Doyle has also authored articles on a variety of ERISA topics, and she would be an obvious asset to the class in this litigation.

### (c)    Abbey Spanier Rodd & Abrams, LLP

Abbey Spanier, a highly experienced firm, has served as lead counsel in numerous complex class actions. *See*, Abrams Decl., Ex. D (Firm Biography for Abbey Spanier). Currently, the firm is serving as co-lead counsel in the following ERISA cases: *In re Medco Health Solutions, Inc. Pharmacy Benefits Management Litig.*, MDL No. 1508 (S.D.N.Y.)(CLB) and *In re Reliant ERISA Energy Litigation*, Master File No. CV-H-02-2051(S.D.Texas).

### 3.    Counsel for Plaintiffs have the Resources Necessary to Represent the Class.

SRK, Stember Feinstein, and Abbey Spanier are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude as each has demonstrated in numerous similar large-scale class actions. The firms' resources are not merely financial, but also include substantial expertise and work-product, discussed above, that they have developed in other cases that will be an obvious benefit to the Plaintiffs in this action. Much of this material is unique to the issues and disputes that are present in ERISA company stock litigation. Counsel's ability to draw from this well-developed bank of information in directing this litigation will allow them to streamline the litigation and create efficiencies unavailable to other firms. Thus, the resource factor under Rule 23(g) also favors appointment of SRK and Stember Feinstein

as Interim Co-Lead Counsel and the appointment of Abbey Spanier as Interim Liaison Counsel.

Counsel for Plaintiff respectfully submit that based on the above four factors SRK, Stember Feinstein, and Abbey Spanier are best able to represent the interests of the class because the firms possess unrivaled experience and expertise leading the prosecution of this particular type of ERISA class action. Accordingly, Plaintiff's motion for appointment of SRK and Stember Feinstein as Interim Co-Lead Counsel and Abbey Spanier as Interim Liaison Counsel should be granted.

### B.    Plaintiff's Counsel Is Clearly the Most Qualified Counsel to Serve as Interim Counsel.

To date, three other motions seeking consolidation and appointment as Interim Counsel have been filed. The competing law firms seeking appointment as Interim Counsel are: (1) Shalov Stone Bonner & Rocco LLP; (2) Cohen, Milstein, Hausfeld and Toll, P.L.L.C. and Keller Rohrback L.L.P.; and (3) Stull, Stull & Brody. While all of these firms are certainly reputable and qualified, SRK, Stember Feinstein, and Abbey Spanier constitute the *best* choice to serve the interests of the proposed class in this ERISA litigation.

Shalov Stone Bonner & Rocco, LLP ("SSBR") claims that because it was "ostensibly" the first to file a complaint and the first to file a motion to consolidate, it is best qualified to serve as Interim Counsel. SSBR Mem. at 6-7. Notably, these purported grounds are not mentioned in Federal Rule of Civil Procedure 23(g) or the MCL 4th, and should not counterbalance the strength of the experience and expertise of SRK, Stember Feinstein, and Abbey Spanier. SSBR also claims that it should be appointed Interim Counsel because it represents a current employee who sustained a sizeable loss. In this

14

regard, SSBR incorrectly attempts to impose upon ERISA actions one of the considerations in appointing a lead *plaintiff* in a securities fraud class action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a). There simply is no authority to support the proposition that the size of the plaintiff's loss is a consideration. Moreover, in an ERISA class action, the court not required to designate a lead plaintiff prior to class certification. *See, e.g.,* Fed. R. Civ. P. 23; MCL 4th § 10.22 (focusing on the designation of lead counsel). This suggests that SSBR is confusing this ERISA case with the companion securities fraud actions.

Similarly, Cohen, Milstein, Hausfeld & Toll, P.L.L.P. and Keller Rohrback, L.L.P. (collectively, "CMHT/KR"), relying largely on the resumes of certain individuals affiliated with those firms, assert that they should be appointed Interim Counsel. Certainly these firms are highly regarded and well-qualified, but we believe that a close examination of the experience of the CMHT/KR firms compared with that of SRK, Stember Feinberg, and Abbey Spanier weighs in favor of the latter. The same holds true with respect to Stull, Stull & Brody, whose experience with ERISA class actions does not match the experience and expertise of SRK, Stember Feinstein, and Abbey Spanier.

## CONCLUSION

For the foregoing reasons, Plaintiff Francis Lee Summers, III respectfully requests

that the Court: (a) consolidate the above-captioned actions; (b) appoint Spector Roseman

& Kodroff, P.C. and Stember Feinstein Doyle and Payne, LLC as Interim Co-Lead

Counsel, with Abbey Spanier Rodd & Abrams, LLP serving as liaison counsel; and (c)

enter the attached proposed Order.

DATED: January 11, 2008                    Respectfully submitted,

                                By: _____
                                    Jill S. Abrams
                                    jabrams@abbeyspanier.com
                                    ABBEY SPANIER RODD
                                       & ABRAMS, LLP
                                    212 E. 39th Street
                                    New York, NY 10016
                                    Tel: (212) 889-3700
                                    Fax: (212) 684-5191

                                    Robert M. Roseman
                                    rroseman@srk-law.com
                                    Theodore M. Lieverman
                                    tlieverman@srk-law.com
                                    Andrew D. Abramowitz
                                    aabramowitz@srk-law.com
                                    David Felderman
                                    dfelderman@srk-law.com
                                    SPECTOR ROSEMAN
                                       & KODROFF, P.C.
                                    1818 Market Street
                                    Suite 2500
                                    Philadelphia, PA 19103
                                    Tel:  (215) 496-0300
                                    Fax: (215) 496-6611

16

William T. Payne
wpayne@stemberfeinstein.com
**STEMBER, FEINSTEIN, DOYLE
& PAYNE,  LLC**
Pittsburgh North Office
1007 Mt. Royal Boulevard
Pittsburgh, PA 15223
Tel: (412) 492-8797
Fax: (412) 492-8978

Ellen M. Doyle
edoyle@stemberfeinstein.com
**STEMBER FEINSTEIN DOYLE
& PAYNE, LLC**
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 338-1445
Fax: (412) 232-3730

*Attorneys for Plaintiff
Francis Lee Summers, III
and Proposed Interim Co-Lead
Counsel for the Class*